## Commonwealth v. One Buick Automobile.

*Liquor law—Transportation of liquor—Custody of vehicle—Duty of district attorney—Act of March 27, 1923.*

1. Where an automobile has been seized for an alleged unlawful transportation of liquor under the Act of March 27, 1923, P. L. 34, it is the duty of the county commissioners to provide the district attorney with suitable facilities for its storage and safekeeping pending proceedings for condemnation.

2. During such storage, it is the duty of the district attorney to prevent any unauthorized person from using the car, resorting, if necessary, to any legal remedies available.

3. If a car has been used by an unauthorized person and injured, the owner, when his rights to it are established, may proceed in an action for damages against the offender, but the Quarter Sessions has no jurisdiction to determine such damages.

Commonwealth v. One Buick Automobile.

Petition of attorney for Florence C. Hanington, owner of automobile taken in condemnation proceedings. Q. S. Washington Co., Nov. Sess., 1924, No. 112 F.

*Edgar B. Murdoch*, for petitioner.

BROWNSON, P. J., Dec. 8, 1924.—A proceeding is pending in this court for the condemnation of a Buick automobile upon the ground that it was unlawfully used in and for the transportation of intoxicating liquors. Florence C. Hanington has filed an answer to the district attorney's petition for condemnation, in which she avers that she is the owner of the automobile, and that its unlawful use was without her knowledge and consent, and asks that it be delivered up to her. Following the filing of this answer, a petition has been presented, setting forth that her counsel has received information that this automobile has, since its seizure, been driven and used "by a prominent county official" (who is not named), and praying *(a)* that the court take action "for the safekeeping and storage and preservation of the said automobile;" and *(b)* that through a commission the court determine by investigation what depreciation in the value of the car may have resulted from such use, and who may be the person or persons responsible therefor.

Under the provisions of the Act of March 27, 1923, P. L. 34, it is the duty of the officer seizing a car to deliver the same to the district attorney, or a person designated by the latter, for the purpose of being held to abide the judgment of the court, and it is the duty of the county commissioners to "provide the district attorney with suitable facilities for the storage and safekeeping of all . . . property seized or held under the provisions of this act." When, by the district attorney's direction, a seized car has been stored in the place provided for that purpose by the county commissioners, it is to remain there, pending the proceeding for condemnation, subject to his control. He is the legal custodian, and no one has a right to remove it from that place of storage during the pendency of the proceeding without his authority. And for any one to take it out and make use of it, whether with or without his assent, would be an unlawful trespass. Upon his discovering that any person is committing such a trespass, it would be the duty of the district attorney, as the legal custodian, to take measures to stop this, resorting, if necessary, to one or other of the legal remedies available for the purpose. As the district attorney has reported that he is taking measures to prevent any such unlawful tampering with cars that are held in storage subject to his control, it does not appear that there is any occasion for the court now to make any order directing him to act, if it has jurisdiction to do so. We, therefore, need not consider the question whether such jurisdiction exists.

As to the second prayer of the petition, we think that it is not the function of the Court of Quarter Sessions to make the adjudication asked for. If it be true that some one has, as is suggested in the petition, made an unlawful use of this car, thereby causing depreciation in its value, this will render him liable in damage at the suit of the petitioner, should she succeed in maintaining her claim that she is entitled to a return of the car, and if not, then at the suit of any other party who may have been injured; and in such action the questions referred to in the petition would come up for adjudication. It would be the court trying such action that should determine the questions of liability and of the extent thereof. We do not think the Quarter Sessions has this jurisdiction. Accordingly, we make the following order:

And now, Dec. 8, 1924, the petition is dismissed, without prejudice.

From Harry D. Hamilton, Washington, Pa.